IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN MARTINEZ, | ) |
| | ) No. 23-cv-875 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| CHUCK MATHEWS, | ) |
| | ) |
| Defendant. | ) |

<u>**MEMORANDUM OPINION**</u>

Robert J. Colville, United States District Judge

  Before the Court is a Motion to Dismiss (ECF No. 11) filed by Defendant Chuck Mathews in this matter.  Defendant moves to dismiss the claims set forth against him in the Complaint (ECF No. 1-1) that was filed by Plaintiff and removed to this Court in the above-captioned action.  This case represents one of thirteen cases filed by Plaintiff that are currently pending before the undersigned.  Several of those cases, including this one, arise out of or involve Plaintiff's attempts to protest against "bullying" on or near Derry Area School District (the "District") property on November 7, 2019, and a subsequent criminal case that resulted from Plaintiff's conduct on that date.  This particular case involves the termination of Defendant's employment at Unifirst following the publication of a newspaper article discussing the November 7, 2019 incident and Plaintiff's placement on house arrest as a result of his criminal prosecution.  The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.

  **I.**  **Background**

  Defendant's original motion to dismiss filed at ECF No. 4 was denied without prejudice due to service and procedural issues.  Defendant filed his renewed Motion to Dismiss, along with a Brief in Support (ECF No. 12), on June 28, 2023.  Plaintiff filed a Response (ECF No. 17) to the

1

Motion to Dismiss on August 7, 2023. No reply was filed, and the Court considers the Motion to Dismiss to be fully briefed and ripe for disposition.

While the Court is required to liberally construe Plaintiff's pleadings, the Court notes, as it has in all of Plaintiff's cases, that Plaintiff's manner of pleading results in a complaint and briefing that is, respectfully, difficult to follow at times, if not unintelligible. That said, the Court outlines the relevant allegations in the Complaint as follows:

Defendant called Plaintiff sometime after reading the newspaper article at issue and informed Plaintiff that his employment at Unifirst was being terminated based upon the information contained in the article. ECF No. 1-1 at 5. Defendant informed Plaintiff that his termination was not performance-based, and that Unifirst would not contest unemployment benefits, but did inform Plaintiff that he would not work for Unifirst again. *Id*. During the phone call with Defendant, Plaintiff argued the merits of his criminal matter and requested that he not be "fired." *Id.* at 5-6. Plaintiff ultimately accepted the termination of his employment and requested that he be provided with a letter explaining the reasons for his termination to provide to the Office of Unemployment Compensation. *Id.* at 6.

Approximately one month later, Plaintiff received a letter from Unifirst that stated that the basis for Plaintiff's termination was a failure to report to work. ECF No. 1-1 at 6. Plaintiff argues that Defendant's silence with respect to this purported inaccurate termination letter was an act of support for Unifirst's letter. *Id*. Plaintiff asserts that the letter at issue resulted in the cessation of his unemployment benefits for a period of three months. *Id*.

II.    **Legal Standard**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In

deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)

3

> ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)).  Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).  When a document integral to or relied upon in the complaint is included, the court may also consider that document.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

"If a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed" in a civil rights case, a court must permit amendment unless it would be inequitable or futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  This is also true where a plaintiff does not request leave to amend.  *See Grayson*, 293 F.3d at 108 ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

The Court again notes that Plaintiff is proceeding pro se and, as such, he is entitled to liberal construction of his submissions in federal court.  This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erikson v.*

4

*Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

### III.    Discussion

Because the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted, and because the Court finds that amendment would be futile, the Court declines to address Defendant's argument respecting the Complaint's failure to comply with Rules 8 and 10. The Court preliminarily notes that it agrees that Plaintiff fails to allege that Defendant was acting under color of state law during the timeframe relevant herein, thus barring his Section 1983 claim against Defendant. More importantly for purposes of this Memorandum Opinion, the Court agrees with Defendant that any claim brought by Plaintiff with respect to Plaintiff's termination, whether pursuant to Section 1983 or Pennsylvania law, is time-barred, and the Court will dismiss any such claims with prejudice.

The running of the statute of limitations is an affirmative defense, and "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017 (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *Montanez v. Sec'y*

*Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (citing *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir.2009)).  "The date of accrual in a § 1983 action is determined by federal law." *Id*.  A cause of action accrues under federal law "when the plaintiff knew or should have known of the injury upon which the action is based." *Id*.  With respect to accrual, the Third Circuit has explained:

> The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. *Barren v. United States*, 839 F.2d 987, 990 (3d Cir.1988).  As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. *See United States v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).  "The cause of action accrues even though the full extent of the injury is not then known or predictable.  Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *[Wallace v. Kato*, 549 U.S. 384, 391 (2007)].

*Kach*, 589 F.3d at 634–35.

While Plaintiff's Complaint fails to expressly allege the specific dates on which the actions that support his claims occurred, exhibits attached to Plaintiff's Complaint confirm that Plaintiff received his purportedly inaccurate termination letter in late February of 2021, and that he was informed in March of 2021 that his unemployment benefits had been contested and would not be paid at that time.  ECF No. 1-1 at 36.  Giving Plaintiff the benefit of every doubt, it is clear that he was aware of his injury in March of 2021 at the latest.  Plaintiff filed his Complaint on May 4, 2023, more than two years after his injury.  His claim is time-barred.

Even if this Court were to construe Plaintiff's claim as one for wrongful termination under Pennsylvania law, Plaintiff's claim would remain time-barred.  The statute of limitations for a claim for wrongful termination under Pennsylvania law is two years. *Babich v. Mgmt. & Tech. Res., Inc.*, No. CIV.A. 06-1502, 2007 WL 764029, at *3 (W.D. Pa. Mar. 9, 2007).  Nothing in

Plaintiff's Complaint or attached exhibits would support equitable tolling. *See Babich*, 2007 WL 764029, at *3 ("[A] brief review of case law indicates that federal district courts in this Circuit have consistently held that the 'pendency of a discrimination charge before the PHRC or EEOC does not toll the statute of limitations for related Pennsylvania state tort claims.'" (quoting *Burlingame v. Pretium Packaging*, 2006 WL 2302375 at * 5 (M.D. Pa. Aug. 8, 2006))). As such, any claim related to Plaintiff's termination and failure to receive unemployment benefits is barred by the applicable statute of limitations.

To the extent Plaintiff attempts to assert a claim pursuant to the federal criminal code, there is no private right of action under Section 241 or 242. *See Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951. These statutes do not provide a private right of action under which Plaintiff may sue." (citation omitted)). Further, Plaintiff's claims under 18 Pa.C.S.A. § 2709 (Harassment); 18 Pa.C.S.A. § 4953 (Retaliation against witness, victim or party); and 18 Pa.C.S.A. § 4304 (Endangering the welfare of children) are based upon sections of the Pennsylvania criminal code under which no private right of action exists. *See Matthews*, 2012 WL 2192225, at *7 (finding no private right of action for harassment and explaining that "these are criminal statutes which do not create a private right of action, and 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *see also Dooley v. City of Philadelphia*, 153 F. Supp. 2d 628, 664 (E.D. Pa. 2001) (no private right of action under 18 Pa.C.S.A. § 4953); *Doe 203 v. Archdiocese of Philadelphia*, September Term, 2012 No. 1935, 2013 WL 8338870, at *8 (Pa. Com. Pl. June 13, 2013) (no private right of action under 18 Pa.C.S.A. § 4304). Any claim for discrimination would be required

7

to be brought pursuant to Section 1983, and not 16 Pa. Code §49.101, which requires that any contract entered into by the Commonwealth of Pennsylvania contain a nondiscrimination clause. Finally, 204 Pa. Code Rule 8.4 is a section of the Rules of Professional Conduct for Pennsylvania attorneys. Plaintiff has not stated a claim under any of these various theories asserted in his Complaint.

Amendment as to any of Plaintiff's claims would be futile for the reasons stated herein. It further bears noting Plaintiff has filed thirteen cases in this District, and has failed to state a claim in any of his actions. In certain of those actions, he was permitted to file an amended complaint, and still failed to set forth allegations to support a single cause of action. The same further suggests to this Court that permitting amendment would be futile, and Plaintiff's Complaint in this matter will thus be dismissed with prejudice.

### IV.   Conclusion

For the reasons discussed above, the Court will grant the Motion to Dismiss. Plaintiff's Complaint will be dismissed with prejudice. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: February 5, 2024

cc:    All counsel of record

      Justin Juan De La Cruz Martinez
      502 N 12th Ave
      Albany, IL 61230